# IN THE UNITED STATES DISTRICT COURT

# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH JOHN MUSTO, | CASE NO. 1:15-cv-01182-CCC-GBC |
| Plaintiff, | (CHIEF JUDGE CONNER) |
| v. | (MAGISTRATE JUDGE COHN) |
| CAROLYN W. COLVIN, COMMISSIONER OF SOCIAL SECURITY, | REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION TO DISMISS |
| Defendant. | Doc. 8 |

On June 16, 2015, Plaintiff Joseph John Musto filed the above-captioned action to seek of a decision of the Commissioner of Social Security ("Commissioner") denying his application for benefits under the Social Security Act, 42 U.S.C. §§401-433, 1382-1383 (the "Act"). Doc. 1.

On August 24, 2015, Defendant filed a motion to dismiss Plaintiff's complaint and a brief in support. Doc. 8, 9. Defendant avers that Plaintiff's claim was denied by the Appeals Council on April 8, 2015 and sent to him at 91 Center Street, Hughestown, PA, 18640. Doc. 9-1. This is the same address that Plaintiff listed on his Complaint. Doc. 1. The notice sent by the Appeals Council states "[y]ou have 60 days to file a civil action (ask for court review)." Doc. 9-1. It further states "[t]he 60 days start the day after you receive this letter. We assume

you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period." Doc. 9-1.

The regulations implementing the Act provide that:

(a) General. A claimant may obtain judicial review of a decision by an administrative law judge if the Appeals Council has denied the claimant's request for review, or of a decision by the Appeals Council when that is the final decision of the Commissioner…
…
(c) Time for instituting civil action. Any civil action described in paragraph (a) of this section must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council is received by the individual, institution, or agency, except that this time may be extended by the Appeals Council upon a showing of good cause. For purposes of this section, the date of receipt of notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary…

20 C.F.R. § 422.210. Thus, Plaintiff would have needed to file this action by June 12, 2015, and his Complaint on June 16, 2015, was untimely filed.

Defendant's brief in support noted that Plaintiff could assert equitable tolling to justify his untimely filing. Doc. 9. However, Plaintiff failed to respond to Defendant's motion to dismiss. Doc. 8. Consequently, Plaintiff has provided no reason for the Court to conclude that he did not receive this notice within five days after the date of such notice or that equitable tolling should apply. The Appeals

Council notice was sent to the same address listed by Plaintiff on the Complaint. Doc. 1, 9-1.

"In addition to serving its customary purpose, the statute of limitations embodied in [42 U.S.C.] § 405(g) is the mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." *Bowen v. City of New York*, 476 U.S. 467, 481 (1986). "[W]hen Congress attaches conditions to legislation waiving the sovereign immunity of the United States, those conditions must be strictly observed, and exceptions thereto are not to be lightly implied." *Block v. N. Dakota*, 461 U.S. 273, 287 (1983).

Accordingly, it is HEREBY RECOMMENDED:

I.     Defendant's motion to dismiss be granted; and

II.    The Clerk of Court close this case.

The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a Magistrate Judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the Magistrate Judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A Judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which

objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The Judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The Judge may also receive further evidence, recall witnesses or recommit the matter to the Magistrate Judge with instructions.


Dated: October 5, 2015                                      *s/Gerald B. Cohn*
                                                    GERALD B. COHN
                                          UNITED STATES MAGISTRATE JUDGE