## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH JOHN MUSTO,** | : | **CIVIL ACTION NO. 1:15-CV-1182** |
| | : | |
| **Plaintiff** | : | **(Chief Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **CAROLYN W. COLVIN,** Acting | : | |
| **Commissioner of Social Security,** | : | |
| | : | |
| **Defendant** | : | |

### ORDER

AND NOW, this 4th day of November, 2015, upon consideration of the report
(Doc. 10) of Magistrate Judge Gerald B. Cohn, recommending the court grant the
motion (Doc. 8) by defendant Carolyn W. Colvin, Acting Commissioner of Social
Security ("Commissioner"), and dismiss as untimely the appeal (Doc. 1) of plaintiff
Joseph John Musto ("Musto") from the decision of the administrative law judge
denying his application for supplemental security income and disability insurance
benefits, and, following an independent review of the record, and noting that Musto
failed to oppose the Commissioner's motion to dismiss, see LOCAL RULE OF COURT
7.6, the court being in agreement with Judge Cohn that Musto's appeal is untimely,
and it appearing that neither party has filed objections to the report, and that there

is no clear error on the face of the record,[1] see Nara v. Frank, 488 F.3d 187, 194 (3d

Cir. 2007), it is hereby ORDERED that:

1.      The report (Doc. 10) of Magistrate Judge Cohn is ADOPTED.

2.      The motion (Doc. 8) to dismiss by defendant Carolyn W. Colvin, Commissioner of Social Security, is GRANTED.

3.      The complaint (Doc. 1) is DISMISSED without prejudice.

4.      The Clerk of Court is directed to CLOSE this case.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[1] When parties fail to timely object to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it.  See Thomas v. Arn, 474 U.S. 140, 149 (1985). Indeed, the Third Circuit has admonished that "failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to *de novo* review in the district court."  Henderson v. Carlson, 812 F.2d 874, 878-79 (3d Cir. 1987); see also Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998).  As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by" a magistrate judge's report.  Henderson, 812 F.2d at 878.  The court has reviewed the Magistrate Judge's report in accordance with this Third Circuit directive.